O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO OCHOA MORANDO, | ) NO. CV 13-2401-MMM (MAN) |
| Petitioner, | ) |
| v. | ) ORDER:  DISMISSING PETITION |
| | ) AS SECOND OR SUCCESSIVE; AND |
| E. VALENZUELA, | ) DENYING A CERTIFICATE OF |
| Respondent. | ) APPEALABILITY |
| _____ | ) |

Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254, on April 4, 2013 ("Petition").  The Petition is the eighteenth habeas petition Petitioner has filed in this Court stemming from his 1992 state court conviction and sentence.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a state prisoner must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, it plainly appears that the Petition must be dismissed as second or successive pursuant to 28 U.S.C. § 2244(b).

1       On December 12, 1997, Petitioner filed a Section 2254 petition in
2   this District, captioned <u>Jose A. Ochoa v. Steven Cambra, Jr., Warden, et</u>
3   <u>al.</u>, Case No. SACV 98-788-GLT (MAN) (the "First Petition").  The First
4   Petition challenged Petitioner's 1992 criminal conviction and sentence
5   in the Los Angeles County Superior Court (the "1992 Conviction").[1]  On
6   October 19, 1998, judgment was entered dismissing the First Petition,
7   with prejudice, as untimely.  Petitioner did not appeal.

8

9       On April 7, 1999, Petitioner filed a second Section 2254 petition
10  in this District, captioned <u>Jose A. Ochoa v. Vern Smith, Warden, et al.</u>,
11  Case No. CV 99-04479-WDK (MAN).  That petition again challenged the 1992
12  Conviction.  On May 11, 1999, judgment was entered dismissing that
13  petition, pursuant to 28 U.S.C. § 2244(b)(1), as second or successive.
14  Petitioner did not appeal.

15

16      Petitioner then filed a series of habeas petitions in this Court
17  under the name "Jose Alfredo Ochoa Morando."  Each of these habeas
18  petitions sought to challenge his 1992 Conviction:

19

20      (1) On July 15, 1999, Petitioner filed a third Section 2254
21      petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra,</u>

22
23      [1]     Pursuant to Rule 201 of the Federal Rules of Evidence, the
    Court takes judicial notice of the files for Petitioner's numerous
24  actions filed in this District, as well as the dockets of the United
    States Court of Appeals for the Ninth Circuit available through the
25  PACER system.  The Court notes that, under his 1992 Conviction,
    Petitioner is serving concurrent sentences of life plus four years.  His
26  apparent contention in the Petition that he received a different
    sentence and is entitled to be paroled are belied by the portion of the
27  state court record appended to the Petition, along with the portion of
    the transcript of Petitioner's sentencing hearing, which confirm that
28  Petitioner received concurrent life sentences plus a principal term of
    four years.

<u>Jr.</u>, Case No. 99-7270-MMM (SH).   On July 29, 1999, that petition was dismissed without prejudice to its refiling after exhaustion of state remedies.

(2)   On August 19, 1999, Petitioner filed a fourth Section 2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra, Jr.</u>, Case No. SACV 99-1572-GLT (MAN).   On January 12, 2000, an order and judgment entered dismissing that petition as second or successive.

(3)   On October 1, 1999, Petitioner filed a fifth Section 2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra, Jr.</u>, Case No. 99-10050-MMM (SH).   On October 8, 1999, an order and judgment entered dismissing that petition and terminating the case.

(4)   On October 1, 1999, Petitioner filed a sixth Section 2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra, Jr.</u>, Case No. SACV 99-1424-GLT (MAN).   On December 22, 1999, an order and judgment entered dismissing that petition as second or successive.

(5)   On September 20, 2000, Petitioner filed a seventh Section 2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. Rosa Garcia</u>, Case No. SACV 00-00975-GLT (MAN).   On November 3, 2000, an order and judgment entered dismissing that petition as second or successive.

(6)   On October 10, 2001, Petitioner filed an eighth Section 2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. Steven Cambra</u>

3

J.R., Case No. 01-8723-GLT (MAN).  On November 19, 2001, an order and judgment entered dismissing that petition as second or successive.

(7)  On October 28, 2002, Petitioner filed a ninth Section 2254 petition, captioned Jose Alfredo Ochoa Morando v. Steven Cambra, Case No. 02-6755-GLT (MAN).  On November 18, 2002, an order and judgment entered dismissing that petition as second or successive.

(8)  On May 2, 2005, Petitioner filed a tenth Section 2254 petition, captioned Jose Alfredo Ochoa Morando v. Scott P. Rawers, Case No. 05-3276-JVS (MAN).  On May 9, 2005, an order and judgment entered dismissing that petition as second or successive.

(9)  On September 27, 2006, Petitioner filed an eleventh Section 2254 petition, captioned Jose Alfredo Ochoa Morando v. John F. Salazar, Case No. 06-6162-MMM (MAN).  On October 19, 2006, an order and judgment entered dismissing that petition as second or successive.

(10)  On September 17, 2007, Petitioner filed a twelfth Section 2254 petition, captioned Jose Alfredo Ochoa Morando v. John F. Salazar, Case No. 07-6036-MMM (MAN).  On October 17, 2007, an order and judgment entered dismissing that petition as second or successive.

(11)  On April 17, 2008, Petitioner filed a thirteenth Section 2254 petition, captioned Jose Alfredo Ochoa Morando v. John F. Salazar,

4

Case No. 08-2566-MMM (MAN).  On May 16, 2008, an order and judgment entered dismissing that petition as second or successive.

(12)  On September 5, 2008, Petitioner filed a fourteenth Section 2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. John F. Salazar</u>, Case No. 08-5719-MMM (MAN).  On September 11, 2008, an order and judgment entered dismissing that petition as second or successive.

(13)  On August 5, 2009, Petitioner filed a fifteenth Section 2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. John F. Salazar</u>, Case No. 09-5729-MMM (MAN).  On August 21, 2009, an order and judgment entered dismissing that petition as second or successive.

(14)  On August 26, 2010, Petitioner filed a sixteenth Section 2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. John F. Salazar</u>, Case No. 10-6383-MMM (MAN).  On October 6, 2010, an order and judgment entered dismissing that petition as second or successive.

(15)  On January 12, 2011, Petitioner filed a seventeenth Section 2254 petition, captioned <u>Jose Alfredo Ochoa Morando v. John F. Salazar</u>, Case No. 11-368-MMM (MAN).  On January 20, 2011, an order and judgment entered dismissing that petition as second or successive.

Petitioner did not appeal the Judgments entered in any of the foregoing 15 habeas cases.

5

The instant eighteenth Petition also stems from the same 1992 Conviction and is substantially duplicative of various of Petitioner's prior petitions. Although the precise nature of the habeas claims Petitioner seeks to raise is unclear, it is apparent that Petitioner once again seeks to attack the sentence he received as a consequence of his 1992 Conviction.

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition (described *infra*), state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

The untimeliness of the First Petition action "presents a 'permanent and incurable' bar to federal review," and thus, the dismissal of the First Petition action "constitutes a disposition on the merits" for purposes of Section 2244(b). McNabb, 576 F.3d at 1030 (citation omitted). The present Petition, thus, is second or successive within the meaning of Section 2244(b). *See id.* (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of" Section 2244(b)); *in accord* Murray v. Greiner, 394 F.3d 78, 79 (2d Cir. 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

Critically, Petitioner has not obtained permission from the Ninth Circuit to bring this second or successive Petition, as required by Section 2244(b)(3).[2] Permission to file a second or successive petition may be granted only if Petitioner makes a *prima facie* showing that: (1) the claim relies on a new, and previously unavailable, rule of constitutional law, which the Supreme Court has ordered be made retroactive to collateral proceedings; or (2) the factual predicate of the claim could not have been discovered earlier through the exercise of due diligence, and the facts alleged, if proven, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error claimed, no reasonable fact-finder would have found Petitioner guilty. *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); McNabb, 576 F.3d at 1030. To pursue a Section 2254 habeas action attacking his 1992 Conviction and/or sentence, Petitioner must persuade the Ninth Circuit that at least one of these predicates exists for any claim he

---

[2]    The Ninth Circuit's dockets show that Petitioner has **not** filed any Section 2244(b) application.

now wishes to raise.  It is difficult to see how Petitioner will be able to satisfy Section 2244(b)'s requirements.[3]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, the instant Petition must be dismissed, because this Court lacks jurisdiction to consider it.  28 U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that Judgment be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: April 23, 2013

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

[3]   Given the untimeliness of the First Petition action, it appears likely, if not certain, that the instant Petition also would be found untimely if the Court had jurisdiction to consider it.

8

PRESENTED BY:

_Margaret a. Nagle_

_____
         MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE